UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-cr-332 (RBW) |
| | : | |
| MATTHEW SCHMITZ, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## UNOPPOSED MOTION TO CONTINUE AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

Tracey L. Eadie Gaffey, Esq., attorney for defendant Matthew Schmitz, hereby moves this Court for a 30-day continuance of the plea conference presently set for August 19, 2024, and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. from the date this Court enters an Order on this motion through and including the date of the next hearing.

The basis for the requested exclusion of time under the Speedy Trial Act is that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv),

Defense counsel has communicated with Government counsel and has received permission to the file this motion unopposed.

### FACTUAL BACKGROUND

Matthew Schmitz is charged by Information with violations of 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds); 40 U.S.C. § 5104(e)(2)(D)

(Disorderly Conduct in a Capitol Building or Grounds); and 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, and Picketing in a Capitol Building).

## ARGUMENT

### I.  Continuance of Status Conference

A continuance of the August 19, 2024, plea conference is appropriate for the following reason: (1) the Government and the defendant need additional time to finalize a pre-trial resolution of the case; (2) defense counsel and Mr. Schmitz need additional time to review the plea documents.

### Exclusion of Time

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As relevant to this motion for a continuance, the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends of-justice continuance, including:

> i.  Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> iv.  Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny

the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).

Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (citing § 3161(h)(7)(B)(ii), (B)(iv)). Finally, an interests-of-justice finding is within the discretion of the Court. See, e.g., *United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i), and (iv). Furthermore, the defendant agrees to exclude time under the Speedy Trial Act. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendant in a speedy trial.

## CONCLUSION

WHEREFORE, the defendant respectfully requests that this Court grant the motion to continue the plea conference presently set for August 19, 2024, to a date on or after September 19, 2024. The defendant further requests that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. from the date this Court enters an Order on this motion, through and including the date of the next hearing, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and

3

        Respectfully submitted,

        TAMARA GIWA, ESQ.
        Executive Director
        Federal Defenders of New York, Inc.

By:    */s/Tracey L. Eadie Gaffey*
        TRACEY L. EADIE GAFFEY
        Assistant Federal Defender
        NY Bar No. 2119584
        770 Federal Plaza
        Central Islip, NY  11722
        (631-712-6503
        tracey_gaffey@fd.org